UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUAN RODRIGUEZ,<br><br>             Plaintiffs,<br>v.<br><br>BANK OF AMERICA, organized and existing under laws of the United States, RECONTRUST COMPANY, N.A., organized and existing under the laws of the State of Texas,<br><br>             Defendants. | Case No.: C 11-3839-PSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**(Re: Docket No. 5)** |

In this action challenging the pending foreclosure on his home, pro se plaintiff Juan Rodriguez ("Rodriguez") alleges that Defendants Bank of America and Recontrust Company, N.A. ("Defendants") did not comply with a number of requirements related to the Deed of Trust and Note. Rodriguez seeks quiet title, injunctive relief, and declaratory relief.

On September 8, 2011, Defendants moved to dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(6). A hearing on Defendants' motion was set for October 18, 2011. Under Civ. L.R. 7-3, Rodriguez had to submit his opposition, or statement of non-opposition, to Defendants' motion within fourteen days, or by September 22, 2011. Rodriguez did not file any such document by the deadline. On October 4, 2011, Defendants filed a notice with the court that Rodriguez had not opposed their motion. As a result, the court vacated the October 18 hearing date and took

1

Case No.: 11-3839
ORDER

1  Defendants' motion under submission based solely on the moving papers. As of this date,

2  Rodriguez has not filed any response to Defendants' motion to dismiss. Having considered

3  Defendants' briefs and for the reasons below, the court concludes that dismissal is warranted, but

4  without prejudice and with leave to amend.

## I. LEGAL STANDARD

### A. Dismissal for Failure to Oppose a Motion

Failure to follow a district court's local rules is a proper ground for dismissal.[1] In considering dismissal, the district court must weigh five factors: "'(1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'"[2] In this district, the failure to oppose a motion pending before the court within the time allotted by the local rules may result in the imposition of sanctions, including dismissal of the case.[3]

### B. Dismissal under Fed. R. Civ. P. 12(b)(6)

Pursuant to Rule 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. A complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face."[4] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5]

---

[1] *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979)).

[2] *See id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

[3] *See* Civ. L.R. 3-9(a) ("A person representing him or herself without an attorney is bound by the Federal Rules, as well as by all applicable local rules. Sanctions (including default or dismissal) may be imposed for failure to comply with local rules."). *See also Ghazali*, 46 F.3d 52, 53 (upholding a dismissal for failure to comply with District of Nevada local rule for opposing a motion).

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 579, 127 S.Ct. 1955 (2007).

[5] *See Ashcroft v. Iqbal*, 556 U.S. 662, ---, 129 S.Ct. 1937, 1940 (2009).

When evaluating a Rule 12(b)(6) motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. The court is not required to accept "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Further, the court need not accept as true allegations that contradict matters that are either subject to judicial notice or attached as exhibits to the complaint.

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[6] The court "has an obligation to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt".[7] "However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated."[8] "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear … that the complaint could not be saved by amendment."[9]

## II. DISCUSSION

### A. Dismissal for Failure to Oppose Defendants' Motion

The court recognizes that Rodriguez is proceeding in pro se and does not have the benefit of an attorney to guide him through the litigation. Rodriguez nevertheless is bound by the federal rules as well as all local rules.[10] Under the civil local rules and Ninth Circuit precedent, Rodriguez's failure to oppose Defendants' motion may subject him to the sanction of dismissal of his claims.[11] Dismissal with prejudice at this stage, however, would be a drastic sanction and

---

[6] *Silva-Pearson v. BAC Home Loans Servicing, LP*, No. C 11-1491 SI, 2011 WL 2633406, at *2 (N.D. Cal. July 6, 2011) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594 (1972)).

[7] *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc).

[8] *Silva-Pearson*, 2011 WL 2633406, at *2 (citing *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

[9] *Eminence Capital, LLC v. Asopeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

[10] *See* Civ. L.R. 3-9(a).

[11] *See, e.g.*, *Perdiguerra, et al. v. Meridas Capital, Inc., et al.*, No. C 09-4748 SBA, 2010 WL 1460064, at *1-2 (N.D. Cal. Apr. 7, 2010).

3
Case No.: 11-3839
ORDER

contrary to the public policy favoring disposition of a case on its merits.[12] The court will therefore review Defendants' arguments on the merits of Rodriguez's claims. By reviewing the adequacy of the complaint, the court furthers the public interest in resolution of litigation, allows the case to move forward should Rodriguez choose to amend his complaint, and minimizes prejudice to Defendants by considering their arguments for dismissal on the merits.[13]

**B. Dismissal With Leave to Amend Pursuant to Rule 12(b)(6)**

Defendants argues that the complaint challenging a foreclosure action on Rodriguez's home fails because he has not alleged tender of the amount owed on the loan. Defendants further argue that Rodriguez fails to allege any facts in support of his claim that Defendants lack standing to foreclose on the property and for declaratory and injunctive relief. Viewing the facts alleged in a light most favorable to Rodriguez, the court nevertheless agrees that Rodriguez has failed to state a claim upon which relief may be granted.[14]

**1. Defendants' Standing to Foreclose**

Rodriguez alleges that Defendants lack standing to foreclose because they do not have possession of and have not produced the original promissory Note or the original Deed of Trust.[15] These allegations are insufficient to support Rodriguez's argument that Defendants lack standing. "California law does not require possession of the note as a precondition to non-judicial foreclosure under a Deed of Trust."[16] Nonjudicial foreclosure proceedings may be initiated by "the trustee, mortgagee, or beneficiary, or any of their authorized agents" pursuant to Cal. Civ. Code § 2924(a). Rodriguez further alleges that Defendants lack standing because Defendants engaged in a process

---

[12] *See Ghazali*, 46 F.3d at 53.

[13] *See id.*

[14] *See* Fed. R. Civ. P. 12(b)(6).

[15] *See* Docket No. 1 ¶¶ 22-24.

[16] *Alicea v. GE Money Bank*, No. C 09-0091 SBA, 2009 WL 2136969, at *2 (N.D. Cal. July 16, 2009). *See also Farner v. Countrywide Home Loans, Inc.*, No. 08-2193 BTM (AJB), 2009 WL 189025, at *2 (S.D. Cal. Jan. 29, 2009); *Oliver v. Countrywide Home Loans, Inc.*, No. S-09-1381 FCD/GGH, 2009 WL 3122573, at *3 (E.D. Cal. Sept. 29, 2009); *Yazdanpanah v. Sacramento Valley Mortg. Group*, C 09-2024 SBA, 2009 WL 4573881, at *9 (N.D. Cal. Dec. 1, 2009).

1   to "hide the true identity of the successive Beneficiaries when and as the alleged 'loan' (Deed of

2   Trust) was sold," such that the named "Nominee Beneficiary" is not the actual beneficiary.[17]

3   Courts have uniformly rejected this allegation as a basis for lack of standing.[18] The court therefore

4   finds that Rodriguez has failed to allege sufficient facts to support his claim that Defendants lack

5   standing.

### 2. Rodriguez's Failure to State a Claim for Relief for Wrongful Foreclosure

Defendants argue that Rodriguez's complaint also fails as a matter of law because he does not allege tender of the undisputed obligation in full.[19] According to Defendants, the "tender rule" extends to any claim that is "implicitly integrated" with the foreclosure sale, affecting all of Rodriguez's claims.

California courts have explained the rationale behind the tender rule as one arising in equity: "Equity will not interpose its remedial power in the accomplishment of what seemingly would be nothing but an idly and expensively futile act."[20] There is some division in the district courts, however, as to whether the "tender rule" precludes a claimant from seeking to prevent a pending nonjudicial foreclosure, as opposed to attempting to "unwind" a foreclosure that has taken place. For example, in *Silva-Pearson v. BAC Home Loans Servicing, LP*, the court found no basis for the "tender rule" where plaintiff challenges a pending foreclosure, as opposed to the commonly-cited line of cases requiring a plaintiff to allege tender to set aside a foreclosure that has been completed.[21] Other courts do not make this distinction. For example, in *Yazdanpanah v.*

---

[17] *See* Docket No. 1 ¶ 15.

[18] *See, e.g.*, *Monet v. Countrywide Home Loans*, No. 10-cv-4400 JF (HRL), 2011 WL 1196461, at *2 (N.D. Cal. Mar. 29, 2011); *Gandrup v. GMAC Mortg.*, No. 11-cv-0659, 2011 WL 703753, at *2 (N.D. Cal. Feb. 18, 2011). *See also Rodriguez v. JP Morgan Chase & Co.*, --- F. Supp. 2d ----, 2011 WL 3805635 (S.D. Cal. 2011) (rejecting plaintiff's argument that "Defendants did not have standing to enforce the note because they were not the recorded holder in due course").

[19] Docket No. 5 at 3 (citing *Alicea v. GE Money Bank*, No. C 09-0091 SBA, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009) (finding that "the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure.").

[20] *See Arnolds Management Corp. v. Eischen*, 159 Cal. App. 3d 575, 579 (Cal. Ct. App. 1984).

[21] *See* C 11-1491 SI, 2011 WL 2633406, at *2 (N.D. Cal. July 5, 2011).

*Sacramento Valley Mortgage Group*, the court dismissed plaintiff's claim in part because "[w]hen a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secure debt to maintain any cause of action for wrongful foreclosure."[22]

According to Defendants, the foreclosure on Rodriguez's home has not yet occurred.[23] Rodriguez does not allege that he can or will tender payment of the full principal owed on the loan. Unlike an action to set aside a foreclosure, in which the basis becomes valid and proper "once the trustor fails to effectively exercise his right to redeem,"[24] it is possible that a plaintiff preemptively seeking to postpone or prevent foreclosure may be able to allege facts sufficient to impose a temporary restraining order or preliminary injunction against foreclosure. But that is not the case here. Other than his general allegations that Defendants do not have standing to enforce the foreclosure, addressed above, and more general allegations regarding Defendants' "wrongful conduct" and the invalidity of Note underlying the Deed of Trust, discussed below, Rodriguez does cite any legal basis for his claim seeking to prevent the wrongful foreclosure of the loan to his home.

### 3. Rodriguez's Failure to Allege Facts in Support of Claims for Declaratory and Injunctive Relief

Rodriguez's first, second and third causes of action pray for declaratory and injunctive relief. Yet Rodriguez has failed to allege any facts sufficient to sustain these causes of action.

For declaratory relief, Rodriguez merely alleges that an actual controversy exists regarding the rights and duties of the parties surrounding the Note and Deed of Trust. Rodriguez asks the court for a "judicial determination and declaration of Plaintiff's and Defendants' respective rights and duties."[25] Defendants argue that Rodriguez's request is duplicative of his claim for quiet title. Defendants rely on California case law for the proposition that declaratory relief is intended "to

---

[22] C 09-2024 SBA, 2009 WL 4573381, at *7 (N.D. Cal. Dec. 1, 2009).

[23] *See* Docket No. 5 at 1.

[24] *See Arnolds Management Corp.*, 159 Cal. App. 3d at 579.

[25] *See* Docket No. 1 ¶ 25.

afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues."[26] Because the rights and responsibilities of each party would necessarily be considered and resolved through a quiet title action, Defendants contend that Rodriguez's cause of action for declaratory relief must fail.

Under federal law, the court may issue a declaratory judgment even where another remedy is available.[27] However, courts generally deny declaratory relief if another remedy is found to be more appropriate.[28] Here, Rodriguez does not state whether he is bringing this action under 28 U.S.C. § 2201 and does not allege any facts to suggest that the actual controversy he points to would not be appropriately resolved by a ruling on the merits of his claims for quiet title and injunctive relief. Because a determination on Rodriguez's third cause of action would be an appropriate means to resolve the rights and duties of the parties with respect to the Note and Deed of Trust, the court must dismiss Rodriguez's first cause of action for declaratory relief.

Rodriguez also seeks injunctive relief, and cancellation of the Deed of Trust and quiet title. As above, the conclusory statements in Rodriguez's complaint are insufficient to maintain these causes of action.  Injunctive relief under federal law requires Rodriguez to satisfy a four-factor test and demonstrate that he (1) suffers irreparable injury, (2) has no adequate remedy at law, (3) the balance of hardships weighs in his favor, and (4) the effect on the public interest supports an injunction.[29] But Rodriguez merely asserts bare-bone, conclusory statements regarding the

---

[26] *See Gen. of Am. Ins. Co. v. Lilly*, 258 Cal. App. 2d 465, 470 (Cal. Ct. App. 1968); *C.J.L. Constr., Inc. v. Universal Plumbing*, 18 Cal. App. 4th 376, 390 (Cal. Ct. App. 1993).

[27] *See* 28 U.S. C. § 2201(a) ("In a case of actual controversy within its jurisdiction … any court of the United States … may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."); Fed. R. Civ. P. 57. *See also Tierney v. Schweiker*, 718 F.2d 449, 457 (D.C. Cir. 1983) ("The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate.")

[28] *See Smith v. Metropolitan Property & Liab. Ins. Co.*, 629 F.2d 757, 759 (2nd Cir. 1980); *Roark v. South Iron R-1 School District*, 573 F.3d 556, 559 (8th Cir. 2009) (vacating as "superfluous" a declaratory judgment by the court where the permanent injunction also issued was the "operative remedy").

[29] *See Ebay Inc. v. MercExchange LLC*, 547 U.S. 388, 391 (2006).

7

Case No.: 11-3839
ORDER

"wrongful conduct of Defendants," the "irreparable harm" that foreclosure would cause him if he loses his home, and the "inherently unique" nature of real property that presumably supports the claim for an equitable remedy.[30]

Rodriguez's third cause of action for "cancellation of instrument/ foreclosure/ quiet title" appears to be an action for quiet title. As Defendants note, this would require Rodriguez to plead that there are claims adverse to the title against which a determination is sought.[31] However, Rodriguez does not allege that Defendants have established a claim to title over the property, but only that there is a deficiency in the Deed of Trust that renders it unenforceable.[32] These are the same allegations underlying Rodriguez's general claim that Defendants do not have standing to foreclose on the home. Without additional facts alleged as to Rodriguez's title to the property and any adverse claims that have been made to the title, Rodriguez cannot maintain a cause of action for quiet title.

Because the court "has an obligation to construe the pleadings liberally and to afford the [pro se plaintiff] the benefit of any doubt,"[33] the court will grant Rodriguez leave to amend his complaint. Rodriguez should bear in mind the elements required for any claims asserted and that the facts alleged must be sufficient to allow the court to draw a reasonable inference that Defendants are liable. Should Rodriguez fail to file an amended complaint in a timely manner, the court will entertain a renewed motion to dismiss with prejudice for lack of prosecution.

---

[30] *See* Docket No. 1 ¶¶ 28, 30.

[31] *See* Docket No. 5 at 6-7 (citing Cal. Civ. P. Code § 761.020(c)).

[32] *See* Docket No. 1 ¶¶ 31-33.

[33] *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc).

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted, with leave to amend. Any amended complaint shall be filed no later than December 14, 2011.

**IT IS SO ORDERED.**

Dated: November 22, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge